UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLINTON EVANS et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-8972** |
| **JOSEPH LOPINTO et al.** | **SECTION: "G"(1)** |

### ORDER AND REASONS

In this litigation, Plaintiffs Clinton Evans and Jeresa Morgan (collectively, "Plaintiffs") bring claims individually and on behalf of their deceased son, Jatory Evans ("Evans"), against Defendants CorrectHealth Jefferson ("CHJ"), Jefferson Parish, Sheriff Joseph Lopinto ("Lopinto"), Corrections Administrator and Deputy Chief Sue Ellen Monfra ("Monfra"), Deputy Christopher Mayeaux ("Mayeaux"), Dr. William Lo ("Dr. Lo"), David Jennings ("Jennings"), and Ironshore Specialty Insurance Co. ("Ironshore") (collectively, "Defendants").[1] Plaintiffs allege that Defendants failed to properly monitor Evans while he was incarcerated in Jefferson Parish Correctional Facility ("JPCC") and that their acts or omissions lead to Evans' death by suicide.[2] Pending before the Court is Defendants CHJ, Jennings, Dr. Lo, and Ironshore's (collectively, "CHJ Defendants") "Motion for Summary Judgment on Plaintiffs' 1983 Claims in Counts 2 and 6."[3] In the motion, CHJ Defendants move for summary judgment on Counts 2 and 6. Count 2 asserts a

---

[1] Rec. Doc. 6 at 2–5.

[2] *Id.* at 1.

[3] Rec. Doc. 114.

1

failure to supervise claim against CHJ.[4] Count 6 asserts a *Monell* claim against CHJ.[5] Plaintiffs oppose the motion and argue that the Court should not consider it because CHJ Defendants already moved for summary judgment on these counts.[6]

A district court "has broad discretion to control its own docket."[7] Some courts have recognized that "successive motions for summary judgment may be procedurally improper if the arguments in the second motion could have been raised in the first motion."[8] Here, CHJ Defendants filed a motion for summary judgment on March 8, 2022, arguing that all § 1983 claims should be dismissed.[9] After Plaintiffs opposed that motion on April 26, 2022, but before the Court ruled on it, CHJ Defendants filed the instant motion asserting additional arguments to support dismissal of these same claims. The Court rules on motions as they are raised. Parties should advance all theories as to particular claims in one motion. It is a waste of judicial resources to file a second motion for summary judgment based on the same claims when the arguments could have been asserted in the earlier motion. Additionally, CHJ Defendants have also moved for reconsideration of the Court's May 31, 2021 Order, ruling on their first motion for summary judgment.[10] Allowing CHJ Defendants to file a second motion for summary judgment on these same claims would in effect require the Court to rule on these same issues three separate times.

---

[4] Rec. Doc. 38 at 28–29.

[5] *Id.* at 32–33.

[6] Rec. Doc. 130.

[7] *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 491 (5th Cir. 2012).

[8] *Brown v. City of Syracuse*, 673 F.3d 141, 147 n.2 (2d Cir. 2012).

[9] Rec. Doc. 67.

[10] Rec. Doc. 164.

Accordingly,

**IT IS HEREBY ORDERED** that CHJ Defendants' "Motion for Summary Judgment on Plaintiffs' § 1983 Claims in Counts 2 and 6"[11] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this 27th day of June, 2022.

                                          **NANNETTE JOLIVETTE BROWN**
                                          **CHIEF JUDGE**
                                          **UNITED STATES DISTRICT COURT**

---

[11] Rec. Doc. 114.